RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/3/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARBEPHAR O. HAMMED a/k/a Bisiriyu Kolawole Luqman a/k/a Teju Olalekan,<br>    Petitioner | CIVIL ACTION<br>NO. 1:12-CV-02186 |
| VERSUS | |
| UNITED STATES OF AMERICA, et al.,<br>    Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is an application for a writ of habeas corpus filed on November 28, 2012, pursuant to 28 U.S.C. § 2241, by petitioner Marbephar O. Hammed, who is also known as Bisiriyu Kolawole Luqman and Teju Olalekan. Hammed is an alien who has been ordered deported to Nigeria under the name Olalekan Teju. Hammed challenges his order of removal, contending he is not Olalekan Teju, but is instead Marbephar O. Hammed, a completely different person.

This court does not have jurisdiction to consider Hammed's challenge to his order of removal.

Procedural History

On December 19, 2012, Hammed was indicted under the alias Olalekan Teju in the Western District of Louisiana, case number 1:12-cr-00343. Hammed/Teju was arrested and appeared for an initial appearance, arraignment and detention hearing on January 23, 2013 before the District Judge, and was ordered temporarily

detained pending his detention and identity hearings. Detention and identity hearings were held before the Magistrate Judge on February 4, 2013. The defendant argued that he was not Olalekan Teju, but was actually Hammed Marbephar.

After hearing all the evidence, the undersigned determined the defendant had been using several aliases and was, in fact, the same person who was named in the indictment. In the March 4, 2013 ruling, the undersigned noted that the names used by the defendant included Olalekan Teju, Hammed Lanre Marbephar, Hammed Olarewaju Marbephar, Hammed Oarewju, Marbephar Hammed, Luqman Bisiriyu, Idris Bamidele Bello, and Luqman Kolawole Bisiriyu. The undersigned also noted the FBI had eighteen names assigned to the person with the Hammed's/Teju's fingerprints and FBI number. USA v. Olalekan Teju, No. 1:12-cr-00343.

However, the government dismissed the indictment against Teju on March 22, 2013 and Teju was ordered released to the custody of ICE. USA v. Teju, No. 12-00343 (W.D.La.).

Hammed/Teju now challenges his removal order.

Jurisdiction

Hammed's Section 2241 habeas petition challenges his order of removal by contending, in claims 1 and 2, that he is not the person who has been ordered removed (Olalekan Teju). In claims 3 and 4, Hammed contends that, because he is not Olalekan Teju, he should be released, and further contends that he has not been taken before a

2

Magistrate Judge since he was detained on February 7, 2012.[1]

The Real ID Act of 2005 amended 8 U.S.C. § 1252(a) by providing that the courts of appeals shall have exclusive jurisdiction over most cases involving alien removal proceedings, as follows:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

Section 106 of the Act provides for the transfer of cases to the appropriate court of appeals:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for

---

[1] In February 2012, Hammed/Teju was in the custody of the U.S. Marshal on a pending federal charge, and he was released to the custody of ICE when his indictment was dismissed on March 22, 2013. USA v. Teju, No. 12-00343 (W.D.La.).

>the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply. P.L. 109-13, Division B, § 106(c). Upon transfer, the habeas corpus petition is treated as if it has been originally filed as a petition for review.

Thus, the Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c). As indicated in the legislative history of the Act, those provisions were not intended to "preclude habeas review over challenges to detention that are independent of challenges to removal orders." H.R. Cong. Rep. No. 109-72, 2873 (May 3, 2005). Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005).

Since Hammed's habeas petition challenges his order of removal, this court lacks jurisdiction to consider it. Accordingly, Hammed's habeas petition should be transferred to the Fifth Circuit Court of Appeals.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 18) be GRANTED and that

Hammed's habeas petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 1st day of June 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5